UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TANYA LYN SIMPSON n/k/a Tanya Lyn
Boyd,

Plaintiff,

**Hon. Hugh B. Scott**

v.                                    **6:18CV6328**

**CONSENT**

ANDREW SAUL, COMMISSIONER,                **Order**

Defendant.

Before the Court are the parties' respective motions for judgment on the pleadings
(Docket Nos. 14 (plaintiff), 19 (defendant Commissioner)).   Having considered the
Administrative Record, filed as Docket No. 11 (references noted as "[R. __]"), and the papers of
both sides, this Court reaches the following decision.

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination
of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled
to disability insurance benefits and/or Supplemental Security Income benefits.   The parties
consented to proceed before a Magistrate Judge (see Docket No. 21).

## PROCEDURAL BACKGROUND

The plaintiff ("Tanya Simpson" or "plaintiff") filed an application for disability insurance
benefits on September 14, 2009, for disability coverage and on June 25, 2010, for SSI benefits
[R. 52; cf. R. 143 (Title II application dated Sept. 29, 2009), R. 152 (Title XVI application dated

Sept. 29, 2009)].   Those applications were denied initially.   The plaintiff appeared before the first Administrative Law Judge ("ALJ"), who considered the case de novo and concluded, in a written decision dated May 23, 2011, that the plaintiff was not disabled within the meaning of the Social Security Act [R. 52].   The ALJ's decision became the final decision of the Commissioner on August 12, 2011, when the Appeals Council denied plaintiff's request for review [R. 432, 558].

*Simpson I, 11CV6500, 2013 U.S. Dist. LEXIS 117338*

Next came a series of remands.   Plaintiff sought judicial review of this denial.   Simpson v. Astrue, No. 11CV6500 [hereinafter "Simpson I"].   On August 19, 2013, this Court heard defendant's motion for a judgment on pleadings, granted in part plaintiff's motion for judgment to remand the case for further proceedings, Simpson I, Docket No. 20 [R. 557], 2013 U.S. Dist. LEXIS 117338.   There, Magistrate Judge Jonathan Feldman noted under the five-step analysis that the Administrative Law Judge found that plaintiff was not engaged in substantial gainful activity since September 30, 2008; that plaintiff had severe impairments from scoliosis, cervical spine disc bulging, cervical disc degeneration, major depressive disorder, generalized anxiety, attention deficit disorder, and marijuana abuse, 2013 U.S. Dist. LEXIS 117338, at *17 [R. 569, 54].   At the third step, Magistrate Judge Feldman stated that the ALJ did not find that plaintiff had a listed impairment and, as for the fourth step, the ALJ found that plaintiff had a residual functional capacity to perform light exertion work with some additional limitations but perform her past work in data entry, telemarketing, and food service, id. at *8, 10 [R. 569-70, 564, 56]. At the fifth step, the ALJ obtained the opinion of a vocational expert who opined that a

hypothetical claimant like plaintiff could perform work as a production inspector or hand packer, id. at *18 [R. 570, 60-61], concluding that plaintiff was not disabled [R. 61].

In Simpson I, Magistrate Judge Feldman found that the ALJ should have given some consideration to the opinion of Sarah Lechner, LMSW, id. at *7, 21-31 [R. 561, 573-79], and erred in consideration of treating physicians' opinions, id. at *31-33 [R. 579-81]. Without proper consideration of these treating opinions, Magistrate Judge Feldman found that the hypotheticals posed to the vocational experts were deficient, id. at *33-36 [R. 581-83].

*Simpson II, 15CV6244, 2016 U.S. Dist. LEXIS 114192*

On the first remand, the present ALJ held a hearing on October 15, 2013 [R. 480]. The ALJ rendered a written decision on January 9, 2014, again denying plaintiff disability coverage [R. 480]. The ALJ's decision became the final decision of the Commissioner on February 25, 2015, when the Appeals Council denied plaintiff's request for review [R. 438]. Plaintiff sought judicial review of this denial, Simpson v. Colvin, No. 15CV6244 [hereinafter "Simpson II"]. On August 25, 2016, Judge Elizabeth Wolford granted in part plaintiff's motion for judgment on the pleadings to remand this case once again and denied Commissioner's motion for judgment, Simpson II, Docket No. 15 [R. 1033, 1177], 2016 U.S. Dist. LEXIS 1114192. Judge Wolford recounted the ALJ's five-step analysis, id. at *31-33 [R. 1056, 1200]. At Step Two, the ALJ found that plaintiff had severe impairments for bipolar disorder, obsessive-compulsive disorder, carpel tunnel syndrome, scoliosis, and mild cervical disease, id. at *31-32 [R. 1056, 1200], but found that, at Step Three, she did not meet or equal any listed impairments, id. at *32 [R. 1056, 1200]. At Step Four, the ALJ found that plaintiff had a residual functional capacity to perform light work with limitations, concluding that she could not return to her past relevant work, id. [R.

1056, 1200].   At step five, the ALJ relied upon another vocational expert's opinion that a hypothetical claimant like plaintiff could perform such occupations as laundry sorter and photocopy machine operator, id. at *32-33 [R. 1056, 1200].   The ALJ thus concluded that plaintiff was not disabled, id. [R. 1056, 1200].

In Simpson II, Judge Wolford found that the ALJ should have sought treatment records from Ms. Lechner for May 2012 to August 2013 to fill in gaps in the administrative record, id. at *34-37 [R. 1058-60, 1202-04].   The Judge also found that the ALJ did not properly evaluate the medical opinions of record, from treating physician Dr. Shaza Janmuhammad, id. at *37-39 [R. 1060-62, 1204-06].   The ALJ's residual functional capacity determination relied upon medical opinions that imposed significantly greater restrictions on plaintiff than were reflected in the capacity finding, id. at *40-42 [R. 1062-64, 1206-08].   Judge Wolford agreed with plaintiff that the ALJ erred in assessing her credibility from her not complying with treatment, with plaintiff arguing that her non-compliance was a symptom of her mental illness, id. at 32-33 [R. 1064-65, 1208-09] and found that the ALJ relied upon (at an unstated degree) how plaintiff sat through the hearing to justify finding that she was not disabled, id. at *44-45 [R. 1066, 1210].

*Present Action*

Upon the second remand [R. 1030], the ALJ held another hearing on December 12, 2017 [R. 1007, 1116], where plaintiff argued the coverage period was closed as of January 1, 2016 [R. 1120, 1007] (Docket No. 14, Pl. Memo. at 2-3).   As detailed below, the ALJ again denied disability benefits [R. 1007-21].   The ALJ's decision was deemed to be the final decision of the Commissioner [R. 1004-05 (decision became final absent seeking Appeals Council action)].

4

Plaintiff commenced the present action on May 1, 2018 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 14, 19), and plaintiff duly replied (Docket No. 20). Upon further consideration, this Court then determined that the motions could be decided on the papers.

## FACTUAL BACKGROUND

Plaintiff, a 32-year-old with a high school education as of the onset date [R. 1020], last worked as a collector or data entry clerk [R. 1019, 56]. She contends that she was disabled as of the onset date of September 30, 2008, and remained so until the closed period through January 1, 2016 [R. 1007]. Plaintiff claims the following impairments deemed severe by the ALJ: bipolar disorder; obsessive-compulsive disorder; bilateral carpel tunnel syndrome; scoliosis; and mild cervical disc disease [R. 1010]. The ALJ found that these conditions did not meet or equal the severity of relevant listed impairments [R. 1011-12].

## MEDICAL AND VOCATIONAL EVIDENCE

Plaintiff had not engaged in substantial gainful activity from September 30, 2008, through January 1, 2016 [R. 1010]; plaintiff has worked since mid-January 2016 as an accounts receivable clerk [R. 1010].

Pertinent to this case is plaintiff's mental impairments and her back ailments. As for her mental impairments, plaintiff was examined by licensed medical social worker Sarah Lechner in March 2011 [R. 353-54, 782-83]; these are the same documents but the ALJ considered them separately [R. 1017]. For sustained concentration and persistence, Lechner found that plaintiff had limitations deemed severe in her ability to maintain attention and concentration for at lest two straight hours, her ability to make simple work-related decisions, and her ability to complete

a normal workday and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without unreasonable number and length of rests [R. 782], while being moderately severe in her ability to carry out short and simple (up to two-step) repetitive tasks, her ability to carry out detailed (more than three steps) instructions that may or may not be repetitive, and her ability to work in coordination with others without being distracted [R. 782].  Lechner then found for social interaction that plaintiff had moderately severe ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes [R. 782].  As for adaption, Lechner found plaintiff was deemed severe in her ability to set realistic goals or make plans independently, and moderately severe in her ability to respond appropriately to expected changes in the work setting and routine and her ability to respond appropriately to unexpected changes in the work setting and routine [R. 783].  Certain workplace stressors, such as unruly, demanding, or disagreeable customers, production demands, and the need to make quick, accurate, independent decisions, would increase plaintiff's level of impairment beyond what was indicated [R. 783].  Lechner found that plaintiff had a history of major depressive disorder and presents severe depressive and anxious symptoms with further evaluation needed to rule of obsessive-compulsive disorder [R. 783].

In December 2012, Lechner opined that plaintiff was very limited in demonstrating capacity to perform simple and complex tasks independently, maintain attention and concentration for rote tasks, regularly attend to a routine and maintain a schedule and perform low stress and simple tasks [R. 947, 1018-19].  The ALJ gave this opinion limited weight since it was created for work exemption purposes only and again did not consider Lechner to be a medical source [R. 1019].  Further, the ALJ found that Lechner's opinion was not consistent

with the rest of the medical evidence that showed intermittent mental health treatment and contains no explanation [R. 1019].

The ALJ, however, objected to Lechner's evaluation because is was made in a non-agency check-off form [R. 1017].   The first version of the evaluation was given "very limited weight" because it was a check-off form, the ALJ's disagreement with the gradations in the form for limitation, and the format not being consistent with agency mental listings [R. 1017].   The ALJ also deemed a statement not to be from a medical source [R. 1017].   The ALJ also noted plaintiff's improvement upon medication [R. 1017, citing R. 963-93, 1528-847].   As for the second iteration of the evaluation, the ALJ gave it partial weight again because it was not presented in a Social Security Administration form [R. 1017].

As for plaintiff's back ailment, in February 2015, plaintiff was treated by PA Jessica Martin [R. 1480].   Plaintiff complained of chronic back pain [R. 1478].   Ms. Martin found that plaintiff has back pain and low back pain with sciatica, left side, among other conditions [R. 1479-80].   Martin concluded that plaintiff could only work up to 20 hours per week with restrictions on lifting more than 10 pounds, no repeated bending, pushing, pulling, and avoid overuse of her hands and no stooping and crawling [R. 1480].   Plaintiff complains that the ALJ did not mention this opinion (Docket No. 14, Pl. Memo. at 34).   Defendant counters that Ms. Martin did not find any permanent restrictions and Ms. Martin previously did not find plaintiff was disabled due to her back pain (Docket No. 19, Def. Memo. at 24; [R. 1480, 1445]). Defendant denies that a physician assistant is an acceptable medical source (Docket No. 19, Def. Memo. at 24).   Defendant did not respond to the fact that the ALJ did not discuss Ms. Martin's 2015 finding (cf. Docket No. 20, Pl. Reply Memo. at 1).

Upon this second remand, the ALJ found that plaintiff had a residual functional capacity to perform light work with exceptions, namely occasional balancing, climbing, and crawling; no climbing ladders, ropes or scaffolds; frequent fingering and handling bilaterally; allowed to change position every half hour; limited to simple routine tasks; occasional interaction with coworkers and general public; and low stress work defined as work involving only occasional decision making [R. 1012].

The ALJ found that plaintiff was unable to perform past relevant work as a collector (sedentary exertion) and data entry clerk (sedentary), [R. 1019-20]. With this capacity and the inability to perform plaintiff's past work, the vocational expert opined that a hypothetical claimant like plaintiff was able to perform such occupations as mail clerk and photocopy machine operator (both light exertion work) and document preparer and dresser (both sedentary exertion work) [R. 1020-21]. As a result, the ALJ held that plaintiff was not disabled [R. 1021].

**DISCUSSION**

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability from September 30, 2008, through January 1, 2016, is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

A.      General Standards and the Five-Step Analysis

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from returning to his or her previous type of employment.   Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).   Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform."   Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends.

20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a claimant from performing past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to past relevant work given the claimant's residual functional capacity. Washington, supra, 37 F.3d at 1442.

B.      Treating Physician Rule for pre-March 2017 Claim

This application was filed on September 2009, thus the treating physician rule as of March 27, 2017, 20 C.F.R. §§ 404.1527, 416.927 (2017), applies. The current version of the

SSA regulations eliminates the treating physician's rule, but for applications filed on or after March 27, 2017, 20 C.F.R. §§ 404.1520c, 416.920c.   E.g., Barco v. Comm'r, 330 F. Supp. 3d 913, 918 n.2 (W.D.N.Y. 2018) (Wolford, J.) (treating physician rule applies for claim filed in December 2013); Tuper v. Berryhill, No. 17CV6288, 2018 U.S. Dist. LEXIS 149125, at *2, 8 & n.2 (W.D.N.Y. Aug. 31, 2018) (Payson, Mag. J.) (treating physician rule applies to claim filed May 2013).   The treating physician rule provided that

> A treating physician is entitled to controlling weight if it is well supported by clinical and laboratory techniques and is not inconsistent with other substantial evidence.   See 20 C.F.R. § 404.1527; see also Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998) (discussing application of the treating physician rule). Additionally, "the Commissioner 'will always give good reasons'" for the weight given to a treating source opinion.   Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2); citing 20 C.F.R. § 416.927(d)(2)). While an ALJ may give less than controlling weight to a treating physician's opinion, he or she must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion."   Halloran, 362 F.3d at 33.   "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific. . . .'" Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (quoting Social Security Ruling ("SSR") 96-2p, 1996 SSR LEXIS 9 at *12, 1996 WL 374188, at *5 (S.S.A. July 2, 1996) [(rescinded 2017)].

Taillon v. Comm'r, No. 17CV6812, 2019 U.S. Dist. LEXIS 53376, at *5 (W.D.N.Y. Mar. 28, 2019) (Telesca, J.).

This rule applies for opinions from acceptable medical sources, 20 C.F.R. §§ 404.1502(a), 404.1527(f), 416.902(a), 416.927(f).

C.    Calculation of Benefits

If plaintiff prevails, this Court either may remand for rehearing and further administrative proceedings or remand for the Commissioner to calculate benefits, 42 U.S.C. § 405(g).   For calculation of benefits, the ALJ's error must be so obvious that the Court in effect declares

plaintiff to be disabled and remands to calculate amount of benefits, Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980), or where there is no reason to conclude that additional evidence might support the Commissioner's denial of disability, Butts v. Barnhart, 388 F.3d 377, 385-86 (2d Cir. 2004). Where there are gaps in the administrative record or when the ALJ has applied an improper legal standard, remand to develop the record is appropriate rather than for calculation of benefits, Butts, supra, 388 F.3d at 385; Parker, supra, 626 F.2d at 235.

*Application*

I.      Evaluation of Medical Opinions of Record

At issue is the ALJ's consideration of plaintiff's mental and physical impairments. Plaintiff complains that the ALJ erred in evaluating medical opinions of record (specifically medical social worker Sarah Lechner), seeking remand (Docket No. 14, Pl. Memo. at 1, 25-33, 34-35). Defendant counters that Ms. Lechner's opinion was given proper weight as an "other" medical source aside from a treating source (Docket No. 19, Def. Memo. at 9-12, 15-18, 22). Defendant argues that the ALJ properly relied upon consultative examiners' opinions that plaintiff could perform simple, unskilled tasks in discounting Lechner's contrary opinion (id. at 17-20; [R. 328, 344, 1016, 297]). Defendant contends that plaintiff's condition did not worsen from August 2014 to February 2015 to deem plaintiff disabled (Docket No. 19, Def. Memo. at 20-21).

A.      LMSW Sarah Lechner

Sarah Lechner examined plaintiff in 2011 and found that plaintiff had severe or moderately severe limitations in mental functioning (Docket No. 14, Pl. Memo. at 25; [R. 353, 782]). This form is repeated in this record [R. 353, 782]. The ALJ gave limited or partial weight

to this opinion because it did not follow Social Security mental limitation assessment standards, was not from a medical source, and was not consistent with plaintiff's medical record which showed improvements with medication and generally benign mental status examinations [R. 1017-18; see generally R. 963-93, 1528-1847]. That the ALJ assessed the same opinion with two different weights is telling.

Plaintiff argues that the ALJ was using her mental illness symptoms against her and selectively viewing the record to focus on periods when her mental health improved without viewing the entirety of that record (Docket No. 14, Pl. Memo. at 28-29, 32, 31). Plaintiff was treated from 2009 to 2016 (the end of the closed period at issue). This record shows plaintiff had bouts of depression and anxiety, including changes in medication, and eventual stabilization of her condition at the end of the close period after Lechner ceased to treat plaintiff in September 2015 [R. 1017]. The ALJ has not noted changes in plaintiff's medications over seven years or her online Bingo obsession (see id. at 30, 31-32).

Plaintiff also complains that the ALJ improperly rejected Lechner's opinion because Lechner was not a "medical source" (Docket No. 14, Pl. Memo. at 25-26) and objections to the non-Social Security Administration forms Lechner used (id. at 26-27). Both objections are quickly addressed. The ALJ erred in rejecting a social worker's findings merely because she is not a "medical source." As an "other source," Lechner's finding still needed to be evaluated (see id. at 26). This Court has addressed the ALJ's consideration of licensed medical social worker Sarah Lechner's findings in two prior cases, Simpson I, supra, 2013 U.S. Dist. LEXIS 117338, at *21-31; Simpson II, supra, 2016 U.S. Dist. LEXIS 114192, at *34-37 [R. 574-79, 1058-60, 1202-04]. This Court previously held that the ALJ's disregard for Lechner's opinion

13

as not being a "medical source" was incorrect without considering regulatory factors in assessing

that opinion, <u>Simpson I</u>, <u>supra</u>, 2013 U.S. Dist. LEXIS 117338, at *26-31, 28-30 [R. 576-79,

577-78]. The ALJ repeats this error here by not weighing Lechner's opinion as a medical

source (<u>see</u> Docket No. 14, Pl. Memo. at 25-26). The ALJ did not consider that Lechner

furnished plaintiff with years of treatment which backs up the reports the ALJ now disregards

because the published reports appear not to have explanations (<u>see</u> <u>id.</u> at 27). As for the form of

the document, the fact that it is a check box and may not cover disability issues the same as a

Social Security form is not dispositive, <u>see</u> <u>Czerniak v. Berryhill</u>, 17CV6123, 2018 WL 3383410,

at *3 (W.D.N.Y. July 11, 2018) (Feldman, Mag. J.).

Plaintiff's motion for judgment on the pleadings based on the consideration of licensed

medical social worker Lechner's opinion (Docket No. 14) is **granted**.

B.     Physician Assistant Jessica Martin's Opinion

In February 2015, PA Jessica Martin evaluated plaintiff and found that she could work

for only up to twenty hours a week, lift no more than ten pounds, and avoid overworking her

hands (Docket No. 14, Pl. Memo. at 33-34; [R. 1480]), but these findings were not addressed by

the ALJ (Docket No. 14, Pl. Memo. at 34). She argues that this failure of the ALJ warrants

remand (<u>id.</u>; <u>see</u> Docket No. 20, Pl. Reply Memo. at 1). Defendant responds that plaintiff never

claimed that these impairments caused permanent restrictions (Docket No. 19, Def. Memo. at 23-

24). Even without expressly discussing Ms. Martin's 2015 statement, defendant argues that the

ALJ properly explained and had substantial evidence to support finding that plaintiff had the

ability to perform light work (<u>id.</u> at 24-25, 25-26). Defendant notes that plaintiff was laid off at

the onset date, September 30, 2008, and did not quit due to her alleged disability (<u>id.</u> at 27).

Since this matter is remanded (yet again) for consideration of Lechner's opinions, the ALJ may also consider Martin's findings regarding plaintiff's physical abilities. Despite plaintiff being laid off on her onset date, the issue becomes whether she could have been employed within the closed period from that date until she resumed work in January 2016. Thus, plaintiff's motion for judgment on this ground (Docket No. 14) is also **granted**.

II.    Calculation of Benefits

In the alternative, plaintiff argues that the proper remedy, after multiple remands and numerous supporting medical opinions, is to remand for calculation of benefits (Docket No. 14, Pl. Memo. at 35-37). This is the third action seeking judicial review of the Commissioner's denial of coverage. Two different ALJs, using three different vocational experts, found that plaintiff was not disabled. Each finding following a remand relied upon consideration of additional records, namely consideration of additional material from Lechner. The error here is not so obvious that remand should be merely to calculate damages. While the focus of prior (and this Court's) remand is consideration of Lechner's opinion, it is not now so obvious as to call for finding of disability. The remand ordered here addresses legal errors and gaps in the administrative record, hence benefit calculation is premature. Plaintiff's alternative request to remand this matter for determination of benefits is **denied**.

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Docket No. 14) judgment on the pleadings is **granted**, and defendant's motion (Docket No. 19) for judgment on the pleadings is **denied**. Thus, the decision of the defendant Commissioner is **vacated and remanded** for further proceedings consistent with the above decision to find additional facts (and not for calculation of

benefits), pursuant to sentence four of 42 U.S.C. § 405(g), <u>see</u> <u>Curry v. Apfel</u>, 209 F.3d 117, 124

(2d Cir. 2000).   The Clerk of the Court shall close this case.

So Ordered.

*s/Hugh B. Scott*
_____
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
September 4, 2019